UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re:

**AMY CAPPELLO-STELLWAGEN**,

                  Debtor

---------------------------------------------------------x

Case No. 19-22734 (RDD)

Chapter 11

**MOTION**

**DEBTOR'S MOTION FOR AN ORDER (A) AUTHORIZING THE SALE OF DEBTOR'S REAL PROPERTY LOCATED AT 429 BEACH AVENUE, MAMARONECK, NY 10543 PURSUANT TO 11 U.S.C. §§ 105(A), 363(B), (F),(H) AND (M), 503 AND 507, OF THE BANKRUPTCY CODE AND RULES 2002, 6004, 9006 AND 9007 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND 6004-1 OF THE LOCAL RULES FOR THE UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK AND ADMINISTRATIVE GUIDELINE ORDER GM-331 FOR THE UNITED STATES BANKRUPTYCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK; (B) APPROVING THE CONTRACT OF SALE IN CONNECTION THEREWITH; (C) AUTHORIZING DISTRIBUTION OF SALE PROCEEDS; (D) APPROVING THE FEES AND EXPENSES OF THE SALE; AND (E) FOR SUCH OTHER AND FURTHER RELIEF AS THE COURT DEEMS PROPER**

TO:    THE HONORABLE ROBERT D. DRAIN,
         UNITED STATES BANKRUPTCY JUDGE

AMY CAPPELLO-STELLWAGEN, the debtor herein (the "**Debtor**"), by and through her attorneys, Bronson Law Offices, P.C. submits this motion (the "**Motion**") seeking entry of an order pursuant to §363(b), (f), (h) and (m) of the Bankruptcy Code and Rules, 2002, 6004, 6006, 9006 and 9007 of the Federal Rules of Bankruptcy Procedure and 6004-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York and Administrative Guideline Order GM-331 for the United States Bankruptcy Court for the Southern District of New York (i) authorizing the sale of the Debtor's real property located at 429 Beach Avenue, Mamaroneck, NY 10543 (the "**Property**") to Raymond P. Russell and Hatire Aikebaier, husband and wife ("**Purchasers**") free and clear of any and all claims, liens, encumbrances and other

interests; (ii) approving the contract of sale for the Property; (iii) authorizing the distribution of sale proceeds; (iv) authorizing the payment of real estate agent broker's commission, legal fees and reasonable expenses of closing; and (v) for such other and further relief as the Court deems proper.

**INTRODUCTION**

The Debtor filed for Chapter 11 bankruptcy in order to reorganize her debts including her large tax debts. Debtor previously attempted an offer-in-compromise with the taxing authorities, without success. Debtor has since determined that it is in her best interest to sell the Property and pay off as much of the tax debt as possible. The Debtor hired a real estate agent to market the Property and the order as to retention is expected to be entered on or about April 22, 2019, the presentment date for the motion; provided there is no objection. The Property was listed at $899,000 upon the advice of Debtor's broker. There was a total of six offers which are described in the attached affidavit of the real estate broker. See **Exhibit A**. An offer of $914,500 was received from the Purchasers, which was the highest and best offer in the opinion of the Debtor and her real estate agent.

Debtor's counsel is holding the escrow deposit of approximately $91,450, in his escrow account.

Bank of America, N.A. ("**First Secured Lender**") holds a first mortgage on the Property in the approximate amount of **$458,733** and Specialized Loan Servicing ("**Second Secured Lender**") holds a second mortgage on the Property in the approximate amount of $96,322 for a total of **$555,055** (the "**Secured Loans**"). (The First Secured Lender and the Second Secured Lender are hereinafter referred to as the "**Secured Lenders**"). Payoff letters have been requested from the First Secured Lender and Second

2

Secured Lender. Based on the sale price, the Secured Lenders will be paid in full at the closing of the Sale.

The Internal Revenue Service ("**IRS**") has filed three Federal Tax Liens in the amounts of $109,535.69 (filed:6/19/2014), $202,452.97 (filed 12/31/2011) and $43,922.91 (filed 1/29/2015) for a total of **$355,911.57 (the "Tax Liens")**. Debtor will also request a payoff letter from the IRS. To date the IRS has not filed a proof of claim.

In addition, there are professional fees of (a) 5% payable to the real estate agent(s) for a total of $45,725, once retention is approved; and (b) up to $10,000 for legal fees related to legal expenses directly related to the sale for which an hourly bill will be provided to the Court.

Any additional proceeds of the sale, if any, will be deposited in the Debtor's bankruptcy counsel's escrow account, for the benefit of the bankruptcy estate.

In support of the relief sought, the Debtor respectfully represents:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of the Motion is a core proceeding pursuant to 28 U.S.C. 157(b)(2)(A).

2. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This proceeding has been initiated pursuant to Bankruptcy Code §363(b), (f),(h) and (m).

## BACKGROUND

4. On April 2, 2019 (the "**Petition Date**"), the Debtor filed a chapter 11 petition pursuant to the Bankruptcy Code.

5. The Debtor has remained in possession of its assets and property pursuant to sections 1107 and 1108 of the Bankruptcy Code.

6. No Trustee or Examiner has been appointed in this case.

7. There is no official or unofficial unsecured creditors committee.

8. The Debtor owns the Property fee simple.

9. The Property is the Debtor's residence where she resides with her husband and two children.

10. Debtor desires to sell the Property so that she can propose a feasible chapter 11 plan and pay a substantial portion of her Federal tax debt.

11. The attached contract represents the best legitimate purchase price offered. Accordingly, the proposed sale is the highest and best offer (and the only active bid).

12. The contract of sale with rider is attached hereto as **Exhibit B-Contract of Sale** (the **"Contract of Sale"**).

13. The Property is encumbered by two mortgages held by Bank of America, N.A. and Specialized Loan Servicing, respectively, in the amount of approximately **$555,055** estimated based upon recent mortgage statements. Debtor has requested pay-off letters to determine the exact amount owed for closing purposes.

14. The Purchaser has no known affiliation with the Debtor, or any other party involved in the proposed transaction.

**RELIEF REQUESTED AND BASIS THEREFOR**

A. **Justification for a Private Sale**

15. The Debtor is selling the Property in a private sale as opposed to an auction which is usually the preferable method of sale in bankruptcy. While Section 363 sales are often conducted under competitive bidding procedures, there is no requirement

in Section 363 of the Bankruptcy Code to do so. Bankruptcy Rule 6004(f) specifically contemplates private sales with the statement that "[a]ll sales not in the ordinary course of business may be by private sale or by public auction".

16. Private sales may be appropriate under Section 363 in circumstances similar to the instant case. *See In re Bakalis*, 220 B.R. 525, 531 (Bankr. E.D.N.Y. 1998) ("Unlike judicial sales under the Bankruptcy Act, the sale of estate property under the Bankruptcy Code is conducted by a trustee, who has ample discretion to conduct public or private sales of estate property."); *Penn Mut. Life Ins. Co. v. Woodscape Ltd. P'ship* (*In re Woodscape Ltd. P'ship*), 134 B.R. 165, 174 (Bankr. D. Md. 1991) (noting that with respect to sales of estate property pursuant to section 363 of the Bankruptcy Code, "[t]here is no prohibition against a private sale . . . and there is no requirement that the sale be by public auction").

17. Accordingly, courts may approve private sales of assets where the standards for approval under Section 363 of the Bankruptcy Code are satisfied. *See, e.g., In re: Dewey & Leboeuf, Case No.:12-12321* (Bankr. S.D.N.Y. Nov. 1, 2012) (private sale authorized); and *In re Wellman, Inc.*, Case No. 08-10595 (SMB) (Bankr. S.D.N.Y. Oct. 6, 2009) (order approving the sales of one of the debtors' facilities by private sale, not subject to higher and better offers). In the instant case, the private sale is contemplated to pay the real estate agent a commission of up to 5%, other usual costs or closing adjustments, the Secured Loans, up to the amounts owed on the Secured Loans, Federal Taxes to the extent of cash available.

18. The Debtor contends that the Property has been actively marketed for sale and the maximum value to the estate will be obtained. The Debtor does not believe an auction would generate higher or better offers or provide any other benefit to the Debtor's

creditors. Moreover, additional and substantial costs associated with a competitive bidding process would not likely be sufficient to justify a sale auction.

19. It is submitted that the Debtor and the Purchaser are proceeding in good faith and at arms-length. The Purchaser is not an insider of the Debtor and the transaction was negotiated in good faith and only entered into after arms' length negotiations between the parties.

20. The Debtor believes that by selling the Property she will (1) be in a better position to propose a plan of reorganization; and (2) will have disposed of the Property in a quick and efficient manner which will relieve the Debtor, and the Secured Lender, of any obligations related to the Property in the future, such as maintenance, utilities and property taxes. The Debtor expects that her next residence will be a rental with lower carrying costs.

**B. The Contract of Sale**

21. The Contract of Sale was signed on or about March 29, 2019 and is annexed hereto as **Exhibit-B**. The Contract of Sale has a closing date of on or about June 1, 2019.

22. Pursuant to the Contract of Sale, Purchasers shall acquire, and the Debtor shall convey to Purchasers all of the right, title and interest that Debtor possesses as of the closing in and to Property, free and clear of all liens and liabilities pursuant to Sections 363(b) and (f) of the Bankruptcy Code and Rule 6004(f)(1) of the Federal Rules of Bankruptcy Procedure with such liens and liabilities to attach to the proceeds of the sale of the Property.

23. Except as expressly permitted or otherwise specifically provided for in the Contract of Sale, all persons and entities asserting liabilities of any kind against the

Debtor or the Property prior to the Closing Date (as defined in the Contract of Sale), shall be forever barred from asserting such liabilities against Purchasers, their successors or assigns, their property, or the Property.

24. In consideration of the sale of the Property, Purchaser will pay the Purchase Price of $914,500. The Debtor is in the process of obtaining a Broker's Price Opinion which will be provided as supplemental information to the Motion when received. Purchasers have paid a deposit of $91,450 by wire transfer, which is currently held in an attorney escrow account. The balance, subject to any closing adjustments, will be paid by Purchasers via certified funds or the equivalent at closing.

**C. Debtor's Sale Pursuant to Bankruptcy Code §§ 363(b) and (f) is Appropriate**

25. Section 363(b) of the Bankruptcy Code provides, in pertinent part, that the Debtor "after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate". 11 U.S.C. §363(b)(1). As the sale of the Property is out of the ordinary course of business, it requires Bankruptcy Court approval.

26. Section 363 of the Bankruptcy Code does not set forth an express standard for determining whether a sale of property under Section 363(b) of the Bankruptcy Code should be approved. Courts have interpreted this section using an "articulated business judgment" standard. *See*, *In re Lionel Corp.*, 722 F.2d 1063 (2d Cir. 1983); *In re Ionosphere Clubs, Inc.*, 100 B.R. 670, 675 (Bankr. S.D.N.Y. 1989).

27. The Court of Appeals for the Second Circuit first enunciated this standard by stating: "The rule we adopt requires that a judge determining a §363(b) application expressly find from the evidence presented before him at the hearing a good business reason to grant such application." *Lionel*, 722 F.2d at 1070-71.

28. Section 363(b) does not require that the Court substitute its business judgment for that of the Debtor. Rather, the Court should ascertain whether a debtor has articulated a valid business justification for the proposed transaction. This is consistent with "the broad authority to operate the business of the Debtor . . .[which] indicates congressional intent to limit Court involvement in business decisions by a Trustee . . . [so that] a Court may not interfere with a reasonable business decision made in good faith by a Trustee". *In re Airlift Int'l, Inc.*, 18 B.R. 787, 789 (Bankr. S.D. Fla. 1982).

29. Other courts have approved sales of a debtor's assets under §363(b)(1) of the Bankruptcy Code when (i) the sale is supported by the sound business judgment of the debtor's management; (ii) interested parties are provided with adequate and reasonable notice; (iii) the sale price is fair and reasonable; and (iv) the purchaser has acted in good faith. *See, e.g., In re Betty Owens Schools, Inc.*, WL 188127 at *4 (S.D.N.Y. 1997).

30. A sale of the Property will reduce the Debtors liability for the Secured Loans and Tax Liens and the necessary carrying costs of the Property. A Section 363 sale will greatly further the Debtor's goal of being able to propose a feasible chapter 11 plan.

31. The Debtor is not related to or affiliated with the Purchaser and the sale will generate sufficient funds to pay the Secured Lenders in full.

**D. The Debtor Has Exercised Sound Business Judgment and the Sale Price is Fair and Reasonable**

32. The Debtor believes that the sale to the Purchaser represents a prudent and proper exercise of her business judgment and is supported by articulated business reasons because, absent such a sale the Debtor would most likely be saddled with the expense of upkeep and maintenance of the Property for a prolonged period of time.

### E. Asset Sale Free and Clear of Encumbrances

33. In addition to seeking approval of the sale of the Property outside of the ordinary course of business, the Debtor seeks approval to sell the Property free and clear of any and all liens, claims or encumbrances in accordance with Section 363(f) of the Bankruptcy Code, with such liens and liabilities to attach to the proceeds of the sale of the Property.

34. A debtor-in-possession may sell property, pursuant to Sections 363(b) and 363(f), free and clear of any interest in such property of an entity other than the estate if one of the following conditions are satisfied:

   (1) applicable non-bankruptcy law permits sale of such property free and clear of such interest;

   (2) such entity consents;

   (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

   (4) such interest is in bona fide dispute; or

   (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest. 11 U.S.C. §363(f).

It is submitted that at least (1) and (5) above apply to the instant proposed sale. Applicable non-bankruptcy law would allow a sale under the terms proposed since the Secured Lenders will be paid in full and the Tax Liens will be greatly reduced. The Secured Lenders are compelled, in a legal or equitable proceeding to accept a money satisfaction of their interests. Accordingly, the Debtor is entitled, pursuant to Section 363(f) to sell the Property free and clear of all liens, claims and encumbrances.

# REQUEST FOR AUTHORIZATION TO PAY SALE PROCEEDS FOR REAL ESTATE COMMISSIONS, LEGAL FEES, AND REASONABLE AND NECESSARY TRANSFER AND CLOSING COSTS

35. The Debtor proposes to distribute the proceeds of the sale, in the total amount of $914,500 as follows:

**First to:**

  a. Real Estate Broker for fees of 5% of the purchase price or approximately $45,725.

  b. Legal fees up to $10,000 for the legal services rendered in furtherance of the sale.

  c. Such other customary and reasonable fees associated with the transfer and closing of the sale of the Property, as well as reasonable adjustments in the sales price for pro-rations, inspections, or other similar items necessary to accommodate a closing.

**Then, next to:**

  d. The Secured Lenders in an amount of approximately $**555,055.**

  e. Other non-contested liens in the order of priority, including the Tax Liens.

  f. The balance, if any, to the Debtor to be deposited in bankruptcy counsel's escrow account for the benefit of the Debtor's bankruptcy estate.

Counsel will provide supplemental information to establish its fees on an hourly basis. A separate fee application will not be filed for the real estate broker(s) since their fee is determined on a flat fee percentage basis and is within the realm of normal and usual broker's compensation.

## NOTICE

36. Notice of hearing shall be provided by first class mail to (a) the Secured Lenders; (b) all creditors including tax authorities; (c) all parties and taxing authorities that have filed notices of appearance; (d) the Office of the United States Trustee. The Notice of Hearing, Motion and exhibits will be provided to the Secured Lenders, the U.S. Trustee, and any party requesting a copy from the undersigned counsel. The Debtor respectfully submits that such notice is good and sufficient under the circumstances, and satisfies the requirements of Bankruptcy Rules 2002, 6004, and 6006.

37. Debtor requests waiver of the 14 day stay of order authorizing use, sale or lease of property, in accordance with the Federal Rules of Bankruptcy Section 6004(h).

38. A proposed sale approval order is annexed hereto.

39. Debtor will provide a report to the Court as to the sale and distribution of the sale proceeds within ten days of the consummation of the sale.

**WHEREFORE**, the Debtor seeks the entry of an order authorizing the Debtor to (i) sell the Property on her behalf free and clear of any and all claims, liens, encumbrances and other interests, (ii) approve the Contract of Sale (iii) distribute the sale proceeds as set forth in the Motion, (iii) pay the fees and costs of the real estate broker and bankruptcy counsel as relates to the sale only upon the successful completion of the sale, in addition to other reasonable and necessary costs of the sale, and (iv) grant the Debtor such other and further relief as the Court deems just and proper.

Dated: Harrison, NY
      April 9, 2019                      BRONSON LAW OFFICES, P.C.

                                              By:   */s/ H. Bruce Bronson*
                                                      H. Bruce Bronson, Esq.
                                                      480 Mamaroneck Avenue
                                                      Harrison, NY 10528
                                                      914-269-2530 (tel.)
                                                      888-908-6906 (fax)
                                                      hbbronson@bronsonlaw.net